NO. 07-13-00009-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 12, 2013

_____

IN RE MICHAEL PIÑA MONTION, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, Michael Piña Montion, has filed in this Court his petition for writ of mandamus in which he contends that Respondent, the Honorable Carla Cannon, District Clerk of Hale County, has failed to execute her duties, pursuant to article 11.07, to immediately transmit specified documents, including a copy of relator's application for writ of habeas corpus, to the Texas Court of Criminal Appeals. See TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c) (West Supp. 2012). Relator requests that this Court issue a writ of mandamus directing respondent to transmit specified documents to the Texas Court of Criminal Appeals. For the reasons which follow, we will deny relator's petition.

Mandamus Jurisdiction

Generally, this Court's mandamus jurisdiction is limited to the issuance of a writ against a judge of a district or county court in our district. See TEX. GOV'T CODE ANN. § 22.221(b) (West 2004); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.—San Antonio

1998, orig. proceeding) (per curiam).  Our mandamus jurisdiction may extend to other officials only when the writ of mandamus is necessary to enforce our jurisdiction.  See TEX. GOV'T CODE ANN. § 22.221(a) (West 2004); In re Saucedo, No. 07-12-00284-CV, 2012 Tex. App. LEXIS 8202, at *3 n.2 (Tex.App.—Amarillo Sept. 27, 2012, orig. proceeding).

Relator has presented no contention which would support a conclusion that a writ of mandamus against respondent is necessary to enforce our jurisdiction.  To the contrary, we lack jurisdiction over an article 11.07 application for writ of habeas corpus. See TEX. CODE CRIM. PROC. ANN. art. 11.07, §§ 3, 5; Ater v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991) (orig. proceeding) (en banc) (recognizing that the Texas Court of Criminal Appeals has the "exclusive authority" to grant post-conviction relief under article 11.07); In re McAfee, 53 S.W.3d 715, 718 (Tex.App.—Houston [1st Dist] 2001, orig. proceeding) (per curiam) (observing that article 11.07 provides "no role for the courts of appeals" and concluding that "the courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under [article] 11.07").[1]  Because the article 11.07 proceeding relator has identified as the underlying proceeding at issue does not implicate our jurisdiction and

---

[1] However, the Texas Court of Criminal Appeals has recently outlined the intermediate appellate courts' jurisdiction as it relates to the issuance of a writ of mandamus against a trial judge in relation to motions filed in connection with an anticipated but not-yet-pending article 11.07 application for writ of habeas corpus. See Padieu v. Court of Appeals of Texas, Fifth Dist., No. AP-76,727, 2013 Tex. Crim. App. Unpub. LEXIS 36, at *4 (Tex.Crim.App. Jan. 9, 2013) (orig. proceeding) (per curiam). Nothing in Padieu's holding, though, calls upon the intermediate appellate courts to step outside the statutory bounds of our general mandamus jurisdiction.  See TEX. GOV'T CODE ANN. § 22.221.  Rather, we can remain in compliance with Padieu by continuing to operate within our jurisdictional bounds and also "tread[ing] lightly" in the territory of article 11.07 applications.  See Padieu, 2013 Tex. Crim. App. Unpub. LEXIS 36, at *5.

we, therefore, have no jurisdiction to enforce as it relates to that matter, we likewise do not have jurisdiction to issue an extraordinary writ against a district clerk in the present circumstances.  See TEX. GOV'T CODE ANN. § 22.221(a); cf. In re Collier, No. 09-12-00584-CR, 2012 Tex. App. LEXIS 10504, at *1 (Tex.App.—Beaumont Dec. 19, 2012, orig. proceeding) (mem. op.) (per curiam).

## Conclusion

Because we lack jurisdiction to grant the relief requested, we deny relator's petition.


Mackey K. Hancock
Justice

3